This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DAN W. SNOW,**

    Plaintiff-Appellant,

**v.** No. 35,081

**KEVIN TAYLOR,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee Ann Kirksey, District Judge**

Sanders, Bruin, Coll & Worley, P.A.
Clayton S. Hightower
Roswell, NM

for Appellant

Max Houston Proctor
Hobbs, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Plaintiff Dan W. Snow appeals from the district court's order dismissing his claims with prejudice. [RP 60] In this Court's notice of proposed disposition, we proposed to summarily affirm. [CN 1, 6] Plaintiff filed a memorandum in response to our proposed disposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm the district court's order dismissing Plaintiff's claims with prejudice.

{2}     In his memorandum in opposition, Plaintiff does not raise new arguments and does not cite any relevant law in support of his position on appeal. Rather, Plaintiff continues to argue that, because the initial judgment was criminal in nature, we should not apply a civil remedy for the restitution and that we should apply a "liberal public policy" to allow Plaintiff to collect restitution because he should be made whole and because Defendant was absent from Texas during the "relevant time period." [MIO 2-3] The only authorities cited by Plaintiff are in support of uncontested, general legal propositions: the various reasons for restitution in Texas [MIO 1-2]; the definition of victim [MIO 2]; the terms for restitution in the Texas criminal rules [MIO 2]; the fact that a liberal public policy should generally be applied to restitution statutes [MIO 2]; and the fact that the statute of limitations should generally be tolled when a defendant is absent from the state. [MIO 3] None of the authority cited by Plaintiff refutes the law or analysis in our notice of proposition disposition, and we are unpersuaded by

2

Plaintiff's reasoning. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{3}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's dismissal of Plaintiff's claims with prejudice.

{4}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**